UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SRI CLYDE COLLINS,

      Plaintiff,

   -v-                05-CV-0039Sr

GLENN S. GOORD, *et al.*,

      Defendants.

---

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #20.

Currently before the Court is defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #13. For the following reasons, defendants' motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff commenced this action, *pro se*, pursuant to 42 U.S.C. § 1983, alleging that while he was incarcerated at the Gowanda Correctional Facility ("Gowanda"), defendants subjected him to cruel and unusual punishment, racial

discrimination and malicious prosecution and denied his constitutional right to due process, equal protection and free speech. Dkt. ##1 & 6. Upon review of both the complaint, amended complaint and documentation attached to the complaint, the Court discerns the following claims:

1. Plaintiff seeks injunctive, declaratory and monetary relief based upon correction officials' alleged refusal to permit plaintiff recreation in the yard based upon an alleged policy of considering plaintiff's time going to and from afternoon programs sufficient to satisfy regulations regarding inmate recreation. Plaintiff alleges that he had been denied access to the outdoors for 45 days as of the date of filing his complaint. Plaintiff identifies C.O. R. Nowicki as implementing this policy, and alleges that defendants Murray, Tarbell, Eagan and Goord condoned this policy. Dkt. #1, p.5; Dkt. #1-2, pp. 3-4.

2. Plaintiff seeks injunctive, declaratory and monetary relief based upon DOCS' alleged policy of compelling inmates to perform additional work assignments within their housing unit without compensation. Dkt. #1, p.5; Dkt. #1-2, pp.6-13.

3. Plaintiff seeks injunctive, declaratory and monetary relief based upon correction officials' disciplinary action for violation of rules which were allegedly not printed in the facility rule book provided to plaintiff upon his transfer to Gowanda. Specifically, plaintiff alleges that he received a Tier II violation for possessing a lighter and smoking outside of the designated area, *to wit*, the bathroom, even though the facility rule book authorizes smoking in the housing units, recreation areas and sleeping quarters. Plaintiff appealed the Tier II violation to Superintendent Murray. Dkt. #1, p.5; Dkt. #1-2, pp.13-22.

   C.O. Nowicki issued another Inmate Misbehavior Report for smoking in the "O" Room on January 10, 2005. Dkt. #1, p.5; Dkt. #1-2, p.35.

> Plaintiff also submits documentation of a Tier 1 violation issued upon Superintendent Murray's direction for failing to secure property and alleges that this violation was improper because he had only walked to the day room to get hot water from the hot pot and had not left the housing unit as set forth in the facility rule book. Dkt. #1, p.5; Dkt. #1-2, p.23.

4. Plaintiff seeks injunctive, declaratory and monetary relief based upon correction officials' determination of guilt with respect to a Tier III misbehavior report charging plaintiff with providing legal assistance to another inmate and providing false statements or information. Plaintiff asserts that he did not provide legal assistance to the inmate and that his correspondence with and drafting of legal documents for the inmate's mother did not violate facility rules. Dkt. #1, p.5; Dkt. #1-2, pp.24-31.

5. Plaintiff seeks injunctive, declaratory and monetary relief based upon C.O. Warnes' refusal to permit plaintiff to work as a law library clerk/paralegal, despite his qualification to do so and assignment to that position, allegedly because of racial discrimination. Plaintiff alleges that none of the law clerks supervised by C.O. Warnes were African American. Dkt. #1, p.5; Dkt. #1-2, pp.35-37; Dkt. #6, p.5.

Plaintiff was transferred from Gowanda prior to the filing of his amended complaint (Dkt. #6), and released from custody on June 2, 2006. Dkt. #21.

## DISCUSSION AND ANALYSIS

Dismissal Standard

When ruling on a motion to dismiss, the court accepts the material facts alleged in the complaint as true and draws all reasonable inferences in favor of the

plaintiff and against the defendants. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir. 1972), *cert. denied,* 410 U.S. 944 (1973). The court is required to read the complaint broadly and with great latitude on a motion to dismiss. *Yoder v. Orthomolecular Nutr. Inst.*, 751 F.2d 555, 558 (2d Cir.1985). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

The United States Supreme Court recently revisited the standard of review on a motion to dismiss and concluded that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In setting forth this standard, the Supreme Court disavowed an often quoted statement from its decision in *Conley v. Gibson* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." *Id.* at 561, *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Supreme Court explained that

> This "no set of facts" language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings; and the Court of Appeals [for the Second Circuit] appears to have read *Conley* in some such way when formulating its understanding of the proper pleading standard ...

*Id.* The Supreme Court decried that

> On such a focused and literal reading of *Conley's* "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery. So here, the Court of Appeals specifically found the prospect of unearthing direct evidence of conspiracy sufficient to preclude dismissal, even though the complaint does not set forth a single fact in a context that suggests an agreement. It seems fair to say that this approach to pleading would dispense with any showing of a "'reasonably founded hope'" that a plaintiff would be able to make a case . . . .

*Id.* at 561-62 (internal citations omitted). The Supreme Court then limited *Conley* to describing "the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* at 563. The Supreme Court reiterated that it did "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on it face." *Id.* at 570; *see Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (May 18, 2009).

**Injunctive and Declaratory Relief**

Defendants argue that plaintiff's claims for injunctive and declaratory relief

are moot because plaintiff had been transferred out of Gowanda prior to the filing of the motion to dismiss. Dkt. #14, pp.6-9.

Plaintiff concedes that his claim for injunctive relief is moot following his release from incarceration on June 2, 2006, but continues to seek declaratory relief. Dkt. #21, p.1.

As plaintiff has been released from the custody of the Department of Corrections, he has no interest in either an injunction or a declaration regarding access to recreation; work assignments; smoking and property regulations or his ability to provide legal assistance to others. *See Pugh v. Goord*, 571 F. Supp.2d 477, 490 (S.D.N.Y. 2008); *Bodie v. Morgenthau*, No. 02 Civ. 7697, 2006 WL 357822, at *3 (S.D.N.Y. Feb. 16, 2006) ("This Circuit has long and consistently held that a plaintiff's request for declaratory or injunctive relief relating to a correctional facility is moot once plaintiff is transferred or released from the facility."); *Salahuddin v. Coughlin*, 591 F. Supp. 353, 362 (injunctive and declaratory relief moot where plaintiffs transferred from facility and released on parole.). Accordingly, defendants' motion to dismiss is granted with respect to plaintiff's claims for injunctive and declaratory relief.

**Official Capacity**

Defendants argue that the Eleventh Amendment to the United States Constitution bars suit against the defendants in their official capacities. Dkt. #14, p.5.

The Eleventh Amendment to the United States Constitution bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such a suit or an express statutory waiver of immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,90-100 (1984). It is well-settled that states are not "persons" under § 1983, and thus, Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, plaintiff's claim for monetary damages against the defendants in their official capacities are barred by the Eleventh Amendment. As defendants Goord and Eagan were named solely in their official capacities, the motion to dismiss is granted with respect to these defendants.

**Personal Involvement**

Defendants argue that plaintiff has not alleged personal involvement of any of the defendants in the constitutional violations he asserts in his complaint. Dkt. #14, p.10.

It is well settled that the personal involvement of defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)*; Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060,1065 (2d Cir. 1989). Personal involvement may be shown by evidence that: (1) the defendant

participated directly in the alleged constitutional violation; (2) was informed of the violation and failed to remedy the wrong; (3) created or permitted the continuation of a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating unconstitutional acts were occurring. *Colon*, 58 F.3d at 873, *citing Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

In his original complaint, plaintiff alleges that defendant Nowicki denied plaintiff recreation for a period of 45 days pursuant to a policy which considered the time spent walking to and from afternoon programs sufficient to satisfy the regulations regarding inmate recreation. Dkt. #1, p.6; Dkt. #1-2, p.3. The Court concludes that this is sufficient to state a plausible Eighth Amendment claim against defendant Nowicki. *See Williams v. Goord*, 142 F. Supp.2d 416, 424-25 (S.D.N.Y. 2001). Moreover, as the attachments to plaintiff's complaint demonstrate that plaintiff's grievance with respect to recreation was denied pursuant to policy, the Court will permit this claim to proceed against defendant Tarbell, the coordinator of the Inmate Grievance Resolution Committee and defendant Murray, the Superintendent of Gowanda, so that plaintiff may obtain discovery regarding the extent of their knowledge, if any, of this policy or the merits of his grievance.

In his amended complaint, plaintiff alleges that defendant Warnes supervised the Law Library and refused to allow plaintiff, a paralegal, to work as a

library clerk/paralegal because plaintiff was black and a "trouble-maker."  Dkt. #6, p.5.  Plaintiff also alleges that no African Americans worked as paralegals under defendant Warnes' supervision.  Dkt. #6, p.5.  These allegations are sufficient to state an equal protection claim against defendant Warnes. *See Nash v. McGinnis*, 585 F. Supp.2d 455, 462 (W.D.N.Y. 2008) ("In order to plead a facially valid equal protection claim . . . plaintiff must allege: (1) that he has been treated differently from similarly-situated inmates, and (2) that the discrimination is based upon a constitutionally impermissible basis, such as race . . . .").

Although plaintiff has alleged that defendants Murray and Nowicki were personally involved in the issuance of two of the misbehavior reports, the Court finds that plaintiff has failed to allege, and the attachments to his complaint contradict, any suggestion of sufficiently serious consequences to support a constitutional claim with respect to these violations.  *See Sandin v. Conner*, 515 U.S. 472 (1995).

Moreover, plaintiff's complaint fails to state a claim with respect to uncompensated work assignments because "there is no constitutional right to prison wages" and the facts alleged are wholly insufficient to suggest that the work details at issue would rise to the level of cruel and unusual punishment.  *Rudolph v. Cuomo,* 916 F. Supp. 1308, 1316 (S.D.N.Y.), *aff'd,* 100 F.3d 253 (2d Cir. 1996); *Farinaro v. Coughlin*, 642 F. Supp. 276, 279 (S.D.N.Y. 1986); *see Walker v. Goord*, No. 98 CIV. 5217, 2000 WL 297249, at *4 (S.D.N.Y. March 22, 2000) ("Nor do prison inmates have

a 'constitutional right to a particular prison assignment or to a specific wage while incarcerated in a correctional facility.'"), *aff'd*, 131 Fed. Appx. 775 (2d Cir. 2005).

**Retaliation**

Although plaintiff alleges that he was subjected to "retaliative conditions" and "retaliative actions," it is impossible to discern from plaintiff's factual allegations any suggestion that plaintiff was engaged in constitutionally protected conduct which motivated any of the defendants to engage in the actions complained of. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996).

## **CONCLUSION**

Based on the foregoing, the motion to dismiss is granted with respect to defendants Goord and Eagan and denied with respect to plaintiff's claim of deprivation of recreation against defendants Murray, Nowicki and Tarbell and plaintiff's claim of racial discrimination in the assignment of library paralegals against defendant Warnes.

**SO ORDERED**.

DATED: Buffalo, New York
June 24, 2009

                                            **s/ H. Kenneth Schroeder, Jr.**
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**